**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

KAREN SMITH, *as Personal Representative of the Estate of* THOMAS WALLACE, JR.,

Plaintiff,

vs.

CHRISTIEN STILL, LOW TIDE LOGISTICS, INC., and FEDERAL EXPRESS CORPORATION *d/b/a FedEx Ground Package System, Inc.*,

Defendants.

No. 9:26-cv-00343-DCN

**ORDER**

The following matter is before the court on defendants Christien Still ("Still"), Low Tide Logistics, Inc. ("Low Tide"), and Federal Express Corporation's ("FedEx") (collectively "Defendants") motion for entry of confidentiality order ("CO"), ECF No. 12.

On January 8, 2023, defendant Still was driving a truck on S-259 School Cut Road in Jasper County, South Carolina when he struck Thomas Wallace, Jr., who was driving his dirt bike in the opposite direction. ECF No. 1-1, Compl. ¶¶ 10–13. Wallace, who was twenty-nine years old, suffered severe injuries from the collision that ultimately led to his death. Id. The truck was owned by defendant Low-Tide, a service provider and agent for FedEx. Id. ¶¶ 2—3, 7. Plaintiff Karen Smith ("Smith" or "Plaintiff") claims that, at all relevant times, Still was an employee, agent, servant, and legal representative of both Low Tide and Fedex. Id. ¶¶ 7, 11–13, 17–18.

Smith, in her capacity as personal representative of Wallace's estate, originally filed this wrongful death action in the Jasper County Court of Common Pleas on January 5, 2026, asserting negligence claims against Defendants. Id. ¶¶ 26—31. Defendants removed the action on January 30, 2026. ECF No. 1. Defendants moved for entry of a CO on July 28, 2026. ECF No. 12. Plaintiff responded on August 6, 2026. ECF No. 13. Defendants did not reply. The parties filed a joint motion to stay discovery until this motion is resolved on September 17, 2026. ECF No. 15.

The parties agree that entry of a CO is appropriate but disagree on how the retention, use, and sharing of confidential information should be handled. Defendants seek entry of a standard form CO, which would prevent Plaintiff from using or sharing the protected documents outside of this case and would require the documents to be destroyed at the conclusion of the case. ECF No. 12. Plaintiffs argue that the court should instead enter their proposed CO, ECF No. 13-1, which (1) permits Plaintiff's counsel to share those materials with counsel in other cases involving similar allegations against Defendants (the "Sharing Provision"); (2) allows Plaintiff's counsel to use those materials in similar litigation against Defendants (the "Use Provision"); and (3) allows Plaintiff's counsel to retain those materials after the conclusion of this case (the "Retention Provision"). ECF Nos. 13, 13-1.

Federal Rule of Civil Procedure 26(c)(1) allows the court, for good cause shown, to "issue an order to protect a party . . . from . . . oppression, or undue burden or expense, including one or more of the following: . . . (D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters[.]" Fed R. Civ. P. 26(c)(1). Rule 26(c)(1)(G) allows the court to grant protective orders "requiring that a

trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." Fed. R. Civ. P. 26(c)(1)(G). As the parties do not disagree on the necessity of a CO in this matter, the court will address each disputed provision in turn.

As for the Sharing Provision, Plaintiff first argues that the documents subject to discovery are not unique to this case, asserting that "[t]hey are the same policies and practices at issue in cases brought by similarly situated plaintiffs across the country, raising the same questions of FedEx's control over its network and its driver's conduct on public roads." Id. Plaintiff argues that prohibiting them from sharing the materials therefore "makes discovery unfair for similarly situated plaintiffs, [is] inefficient and necessitat[es] needless repeat litigation over identical issues, and [is] more expensive for all parties involved." ECF No. 13. However, Plaintiff has not identified specific cases against Defendants that have commenced and are likely to involve substantially similar issues as in this matter. See Gil v. Ford Motor Co., 2007 WL 2580792, at *6 (N.D.W. VA. Sept. 4, 2007) (rejecting sharing provision in a protective order, in part, because "the litigants for whom [the plaintiff] seeks the benefit of the discovery are not 'collateral litigants,' are no[t] in any way linked to this case, and are, in fact, unknown."). Moreover, Plaintiff has not shown how she would benefit from the Sharing Provision; she will have access to the confidential documents at issue regardless of whether they are shared with other litigants bringing similar claims against Defendants. See Johnson v. Werner Co., 2024 U.S. Dist. LEXIS 84542, at **3-4 (refusing to enter a sharing provision where plaintiff had not identified any specific cases likely to invoke "substantially similar issues" to the active case and had not identified any benefit that

they would gain from a sharing provision.); see also Steede v. Gen. Motors, LLC, 2012 WL 2089761 at*4 (W.D. Tenn. Jun 8, 2012) ("For her part Plaintiff has not shown how entry of a 'non-sharing' protective order results in hardship for her case," as the restriction on sharing did not "prejudice her ability to obtain discovery in support of her own claims."); Gil, 2007 WL 2580792, at *5 (noting that the plaintiff "will not be precluded by in any way from receiving discovery due to the non-sharing protective order.").

As to the Use Provision, Plaintiff argues that, under the terms of the CO, she should be permitted to use discovery materials at issue here in subsequent cases against the Defendants. The court finds no reason to prohibit Plaintiff's counsel, who will be bound by the terms of the CO, from using the same documents in subsequent litigation against the Defendants. The alternative—requiring Plaintiff's counsel to re-acquire the same documents through discovery in all subsequent cases against Defendants—would be a poor use of both the parties and the court's time and resources that would ultimately fall short of Rule 1's mandate to "secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

Finally, Plaintiff notes that the Retention Provision—requiring Plaintiff's counsel to destroy all confidential documents within thirty days of the conclusion of this case—"directly conflicts with the ethical obligations governing South Carolina counsel," which requires a lawyer to store a client's file for a minimum of six years after the termination or completion of representation. ECF No. 13; Rule 1.15(i), RPC, Rule 407, SCACR. Plaintiff also argues that retention is necessary to protect Plaintiff's counsel from malpractice exposure, as the statute of limitations for malpractice is three years. ECF No.

13; see also S.C. Code Ann. § 15-3-530(5). The court agrees with Plaintiff's assessment of these conflicts and will not enter a CO that places plaintiff's counsel in conflict with their professional obligations or at an unnecessarily increased risk of malpractice exposure.

As such, the court finds that Plaintiff has shown good cause for the entry of a CO that includes the proposed Use and Retention Provisions, however the court finds that Plaintiff has not shown good cause for inclusion of the Sharing Provision. See Fed. R. Civ. P. 26(c)(1). Accordingly, the court **GRANTS** Defendant's motion for entry of a CO, ECF No. 12. The court **ORDERS** Plaintiff to submit a PDF copy of their proposed CO, ECF No. 13-1, without Plaintiff's proposed revisions reflected in ¶ 5(a), ¶ 5(b), and ¶ 12.

**AND IT IS SO ORDERED.**

**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**November 23, 2026**
**Charleston, South Carolina**